Jonathan M. Rotter (SBN 234137)
Danielle L. Manning (SBN 313272)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: jrotter@glancylaw.com
Email: dmanning@glancylaw.com

*Attorneys for Plaintiff and the Proposed Class*

[*Additional counsel on signature page*]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGO AMAVIZCA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>GNC HOLDINGS, INC.,<br><br>Defendant. | CASE NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>1. VIOLATIONS OF CALIFORNIA UNFAIR COMPETITION LAW (Cal. Bus. & Prof. Code § 17200, et seq.);<br><br>2. VIOLATIONS OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT (Cal. Civ. Code § 1750 et seq.);<br><br>3. VIOLATIONS OF CALIFORNIA FALSE ADVERTISING LAW (Cal. Bus. & Prof. Code §§ 17500, et seq.);<br><br>4. BREACH OF CONTRACT;<br><br>5. UNJUST ENRICHMENT.<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, Rigo Amavizca ("Plaintiff"), brings this action against GNC Holdings, Inc. ("GNC" or "Defendant" or "the Company") and alleges on information and belief, except as to the allegations that pertain to the Plaintiff, which are based on personal knowledge, as follows:

## INTRODUCTION

1.    Market experts estimate the size of the global dietary supplements market in 2019 to be $123.28 billion, expanding at 8.2% CAGR.  In 2019, North America accounted for 38% of the total market share in terms of revenue. Glucosamine is one of the most commonly purchased dietary supplements available on the market, which some researchers believe will grow to a market of more than $750 million by 2022.

2.    Glucosamine is commonly sold in two formulations: glucosamine sulfate ("Glucosamine Sulfate") and glucosamine hydrochloride ("Glucosamine Hydrochloride").

3.    Given its chemical properties, glucosamine is taken by those suffering from osteoarthritis, joint pain, knee pain, and more.

4.    Many consumers choose Glucosamine Sulfate because it is believed to be the more effective version of glucosamine. It also commands a premium on price.

5.    Plaintiff purchased a bottle of GNC brand "Glucosamine Sulfate 550," one of GNC's private-label glucosamine sulfate offerings ("GNC Glucosamine Sulfate"), which states on its ingredient label that each serving contains 550mg of d-Glucosamine Sulfate, 2NaCl and 55mg of Sodium per tablet.  However, laboratory testing confirms that the product actually contains Glucosamine Hydrochloride and Sodium Sulfate, and not Glucosamine Sulfate.

6.    GNC is selling a dietary supplement that simply is not what it claims to be.

7.    Plaintiff brings this class action on behalf of all purchasers in California

CLASS ACTION COMPLAINT

1  of any GNC products that represent on their labeling that they contain Glucosamine
2  Sulfate ("GNC Glucosamine Sulfate Products") for violations of the California
3  Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.; the
4  California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, et
5  seq.; and the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§
6  17500, et seq. (the "California Class").  Plaintiff also brings this class action on
7  behalf of all purchasers in the United States of GNC Glucosamine Sulfate Products
8  (the "Nationwide Class") because GNC breached a contract to sell Glucosamine
9  Sulfate, and was unjustly enriched when it sold a product that it labelled as
10 Glucosamine Sulfate when, in fact, it was Glucosamine Hydrochloride, requiring
11 restitution.

12      8.    Plaintiff demands a combination of damages and injunctive relief.

13                              **PARTIES**

14      9.    Plaintiff, Rigo Amavizca, is a citizen of California.  Mr. Amavizca is
15 domiciled in Los Angeles County.

16     10.    Defendant GNC Holdings, Inc. is incorporated in Delaware and
17 headquartered in Pittsburgh, Pennsylvania.  GNC is one of the foremost nationwide
18 retailers of dietary supplements and routinely markets and sells its products in Los
19 Angeles County.  GNC sells a portfolio of its own private-label products and those
20 of nationally recognized third-party brands.  According to its website, "GNC has
21 more than 4,800 retail locations throughout the United States (including more than
22 1,000 franchise and 1,200 Rite Aid store-within-a-store locations) and franchise
23 operations in 46 international markets."

24                    **JURISDICTION AND VENUE**

25     11.    This Court has original jurisdiction over this action, pursuant to 28
26 U.S.C. § 1332, in that the matter in controversy exceeds the sum or value of
27 $75,000, exclusive of interest and costs, and Plaintiff is a citizen of California and

28

CLASS ACTION COMPLAINT

Defendant is a citizen of different states. In addition, the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, and is a class action of more than 100 potential Class members in which some Class members are citizens of a state different from Defendant.

12. Venue properly lies in this district pursuant to 28 U.S.C. § 1391 because Plaintiff resides in and Defendant has transacted substantial business within this District within the meaning of 28 U.S.C. § 1391, and because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## FACTUAL ALLEGATIONS

**Glucosamine Sulfate and Glucosamine Hydrochloride**

13. Glucosamine is one of the most common dietary supplements available. As of 2012, Glucosamine and Chondroitin in combination were the second most used natural products by U.S. adults. "Using Dietary Supplements Wisely," National Center for Complementary and Integrative Health, https://www.nccih.nih.gov/health/using-dietary-supplements-wisely (last visited April 1, 2020). The market has only grown since then.

14. "Glucosamine is a natural chemical compound in your body…The glucosamine in your body helps keep up the health of your cartilage... But as you get older, your levels of this compound begin to drop, which leads to the gradual breakdown of the joint." "Is Glucosamine Good for Joint Pain?," WebMD, https://www.webmd.com/vitamins-and-supplements/supplement-guide-glucosamine (last visited March 31, 2020).

15. Consequently, consumers take glucosamine supplements in order to help treat the symptoms of joint pain, osteoarthritis, and rheumatoid arthritis.

16. These supplements are commercially available in the forms of Glucosamine Sulfate, Glucosamine Hydrochloride, and N-acetyl glucosamine.

17. The common perception of Glucosamine Sulfate is that it performs

CLASS ACTION COMPLAINT

1  better than Glucosamine Hydrochloride.  It is widely accepted that while

2  Glucosamine Sulfate and Glucosamine Hydrochloride "have some similarities…

3  they may not have the same effects when taken as a dietary supplement.  Most of the

4  scientific research on glucosamine has involved glucosamine sulfate." "Glucosamine

5  Sulfate," WebMD,

6  https://www.webmd.com/vitamins/ai/ingredientmono-807/glucosamine-sulfate  (last

7  visited March 31, 2020).

8       18.    "Some products in the US that are labeled glucosamine sulfate are

9  actually glucosamine hydrochloride with added sulfate. This product will likely have

10  different effects than one containing glucosamine sulfate…Some researchers believe

11  that glucosamine hydrochloride might not work as well as glucosamine sulfate."

12  https://www.webmd.com/vitamins/ai/ingredientmono-747/glucosamine-

13  hydrochloride (last visited March 31, 2020).

14       19.    Private companies, such as GNC, have picked up this message and

15  promote Glucosamine Sulfate over Glucosamine Hydrochloride.

16  **Plaintiff's Experience with Defendant's Product**

17       20.    As part of its "joint support" offerings, GNC sells products that it

18  represents to include Glucosamine Sulfate, which are staples of its range of private

19  label products.

20       21.    Displayed prominently on the front label of many such products are the

21  words "Glucosamine Sulfate" and a number representing each serving's

22  Glucosamine Sulfate content in milligrams.

23       22.    The back of many such bottles includes a Supplement Facts panel,

24  which states that each serving size of one capsule contains "d-Glucosamine Sulfate,

25  2NaCl" and "Sodium."  The labels of these products in no way suggest that the

26  product contains Glucosamine Hydrochloride in any way, shape, or form.

27       23.    Accordingly, a reasonable person would believe that the contents of the

28

4

CLASS ACTION COMPLAINT

bottles contain, exclusively, the ingredients listed on the label, specifically, Glucosamine Sulfate.

24.    Plaintiff has purchased bottles of "Glucosamine Sulfate 550," GNC's private label 550mg Glucosamine Sulfate product, over the past four years, with the belief that the product labels accurately represented the contents of the packaged supplements. He did so in hopes of "preserv[ing] the health of [his] joints."

25.    Typically, Plaintiff purchased "Glucosamine Sulfate 550" from the Company's Atlantic Square storefront in Monterey Park, CA 91754.

26.    In March 2020, Plaintiff's counsel sent some of the contents of one of Plaintiff's "Glucosamine Sulfate 550" purchases, which he acquired in or around May 2019 and had consumed some of, to a laboratory for analysis.  The lab's "Report of Analysis" concluded that the primary composition of the capsules consisted of Glucosamine Hydrochloride and Sodium Sulfate. The analysis found no trace of Glucosamine Sulfate, contrary to the claims on the product label.

27.    The lab's analysis, which used Fourier-transform infrared spectroscopy to identify isolated crystals in the "Glucosamine Sulfate 550" capsules, did not detect Glucosamine Sulfate.

28.    Other available tests that may be used to detect the presence or amount of glucosamine, such as High-Performance Liquid Chromatography with FMOC-Su Derivatization, are not appropriate or reliable because they fail to distinguish between Glucosamine Sulfate and Glucosamine Hydrochloride.

29.    It is not practicable for all consumers of GNC Glucosamine Sulfate Products to determine the provenance of each bottle of the product, particularly the individual manufacturing lot that the bottle came from.

30.    Plaintiff suffered damage and detriment as a result of GNC's misrepresentations. Plaintiff purchased "Glucosamine Sulfate 550," one of the GNC Glucosamine Sulfate Products, because he believed it contained Glucosamine

1    Sulfate. Had the product label truthfully disclosed that it did not contain

2    Glucosamine Sulfate, Plaintiff would not have purchased the product.

3        31.    Furthermore, products containing Glucosamine Sulfate demand a

4    premium on top of cost.

5        32.    As a result of the uncertainty plaguing the contents of GNC

6    Glucosamine Sulfate Products, Plaintiff is, as yet, unwilling to purchase the products

7    again.  However, Plaintiff might consider doing so if he were assured that the

8    product label was truthful and the product bottle actually contained Glucosamine

9    Sulfate, as represented.

10        33.    To date, Defendant continues to sell GNC Glucosamine Sulfate

11    Products, touting the same core compound, Glucosamine Sulfate.

12        34.    Consumers cannot afford to have each and every purchase of GNC

13    Glucosamine Sulfate Products lab-tested. Plaintiff, and others similarly situated,

14    continue to be harmed, having no sustainable means of verifying the contents of the

15    GNC Glucosamine Sulfate Products.

16                    **CLASS ACTION ALLEGATIONS**

17        35.    Plaintiff brings this suit as a class action on behalf of himself and all

18    other similarly situated pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3).

19        36.    Plaintiff seeks to represent the following Classes:

20        a.  **Nationwide Class:** All persons in the United States who purchased

21            GNC Glucosamine Sulfate Products from Defendant other than for

22            purposes of resale and within the applicable statutes of limitations

23            ("Nationwide Class Period").

24        b.  **California Class (subclass)**: All persons who purchased GNC

25            Glucosamine Sulfate Products from Defendant in California other than

26            for purposes of resale and within the applicable statutes of limitations

27            ("California Class Period"; together with the Nationwide Class Period,

28

CLASS ACTION COMPLAINT

1    the "Class Periods").

2    37.    Excluded from the Classes are Defendant, its parents, subsidiaries and

3    affiliates, directors and officers, and members of their immediate families.

4    38.    The members of the Classes are so numerous that joinder is

5    impracticable.  It is believed that at a minimum, thousands of persons purchased

6    GNC Glucosamine Sulfate Products during the Class Periods.  Moreover, thousands

7    more will continue to purchase the products if Defendant's practices are not stopped.

8    The precise number of Class members and their identities are unknown to Plaintiff at

9    this time but may be determined through discovery.  Class members may be notified

10    of the pendency of this action by mail, email, and/or publication through, among

11    other things, the distribution records of Defendant (and, to the extent applicable,

12    third party retailers and vendors).

13    39.    Plaintiff's respective claims are typical of the claims of the Nationwide

14    Class and the California Class: he purchased a GNC Glucosamine Sulfate Product

15    during the Class Periods and sustained damages as a result of Defendant's conduct.

16    40.    Plaintiff will fairly and adequately represent and protect the interests of

17    the other Class members for purposes of Federal Rule of Civil Procedure 23(a)(4).

18    Plaintiff has no interests antagonistic to those of other Class members.  Plaintiff is

19    committed to the vigorous prosecution of this action and has retained counsel

20    experienced in litigation of this nature.

21    41.    Common questions of law and fact exist as to all members of the

22    Classes and predominate over any questions affecting only individual members of

23    the Classes, including, but not limited to:

24        a.    whether GNC Glucosamine Sulfate Products contain Glucosamine

25              Sulfate;

26        b.    whether Defendant represented that GNC Glucosamine Sulfate

27              Products contained Glucosamine Sulfate, when they did not;

28

7

c.  whether Defendant's acts and practices in connection with the promotion and sale of GNC Glucosamine Sulfate Products violated the California UCL, CLRA, or FAL;

d.  whether Defendant was unjustly enriched as a result of Defendant's conduct;

e.  whether Defendant's conduct damaged members of the Classes and, if so, the measure of those damages;

f.  whether Defendant's acts and practices in connection with the promotion and sale of GNC Glucosamine Sulfate Products should be enjoined; and

g.  whether the California UCL, CLRA, or FAL should apply to all respective California Class members.

42.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Since the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the respective Class members to seek redress for the wrongful conduct alleged.  Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

43.    Class certification is also appropriate under Federal Rule of Civil Procedure 23(b)(2) because the Defendant has acted on grounds that apply generally to the Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Classes as a whole.

44.    Class members have suffered and will suffer irreparable harm and damages as a result of Defendant's wrongful conduct.

CLASS ACTION COMPLAINT

# CAUSES OF ACTION

## COUNT I
### Violations of the California Unfair Competition Law
### Cal. Bus. & Prof. Code §§ 17200, *et seq.*
### (On Behalf of the California Class)

45.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 to 44.

46.    Plaintiff brings this claim on behalf of himself and the California Class.

47.    Plaintiff asserts this claim for unlawful, unfair, and fraudulent business practices; and unfair, deceptive, untrue and misleading advertising.

48.    Defendant's conduct is "unlawful" under the UCL because it violates the California Legal Remedies Act (as discussed below) and the Food, Drug, and Cosmetic Act ("FDCA") by misbranding GNC Glucosamine Sulfate Products.

49.    Defendant's conduct is "unfair" under the UCL because it is immoral, unscrupulous, unethical, oppressive, and substantially injurious to California consumers of GNC Glucosamine Sulfate Products by representing they contain Glucosamine Sulfate when they actually do not.

50.    Defendant's conduct is "fraudulent" because Plaintiff, the California Class, and the public generally are likely to be deceived by Defendant's misbranding of GNC Glucosamine Sulfate Products by representing they contain Glucosamine Sulfate when they actually do not.

51.    Defendant's continuing course of conduct establishes unfair, deceptive, untrue and misleading advertising by misbranding GNC Glucosamine Sulfate Products as containing Glucosamine Sulfate when they actually do not.  Plaintiff relied upon the truth and accuracy of the Defendant's branding of GNC Glucosamine Sulfate Products, and was deceived into purchasing a product he otherwise would not have, causing him to suffer economic harm by paying more than he otherwise would have had the product been accurately labeled.

CLASS ACTION COMPLAINT

52.     Plaintiff and the other members of the California Class have been and continue to be injured as a direct and proximate result of Defendant's violations of the UCL.

53.     Plaintiff is entitled to pursue a claim against Defendant on behalf of the California Class pursuant to Cal. Bus. & Prof. Code §§ 17203 and 17205 for restitution, disgorgement, and other equitable relief to remedy Defendant's unlawful and unfair practices, and to move under Cal. Code Civ. Proc. § 1021.5 for costs and attorneys' fees.

54.     Plaintiff also seeks punitive damages under Cal. Civ. Code § 3294 because Defendant is guilty of fraud and malice by intentionally misbranding GNC Glucosamine Sulfate Products and by intending to cause injury to the Plaintiff and the California Class.

## COUNT II
### Violations of the California Consumers Legal Remedies Act
### Cal. Civ. Code §§ 1750, et seq.
### (On Behalf of the California Class)

55.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 to 44.

56.     Plaintiff brings this claim on behalf of himself and the California Class.

57.     Plaintiff is a "consumer" as defined in Cal. Civ. Code § 1761(d).

58.     Defendant is a "person" as defined in Cal. Civ. Code § 1761(c).

59.     GNC Glucosamine Sulfate Products constitute "goods" under Cal. Civ. Code § 1761(a).

60.     Plaintiff's purchase was a "transaction" under § 1761(e).

61.     The CLRA prohibits "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale . . . of goods. . . to any consumer," which occurs when, among other instances, a person: "Represent[s] that goods or services have . . . characteristics, ingredients, uses,

CLASS ACTION COMPLAINT

1   benefits, or quantities that they do not have," § 1770(a)(5); and "Advertis[es] goods
2   or services with intent not to sell them as advertised," § 1770(a)(9).

3       62.    Plaintiff and the other members of the California Class have been, and
4   continue to be, injured as a direct and proximate result of Defendant's violations of
5   the CLRA.

6       63.    Plaintiff is entitled to pursue a claim against Defendant on behalf of the
7   California Class to enjoin Defendant from continuing its unfair or deceptive acts or
8   practices under Cal. Civ. Code § 1780(a) and § 1781, as well as to pursue costs and
9   attorneys' fees under § 1780(e).

10      64.    Under the requirements of California Civil Code §1782(a), Plaintiff is
11  serving on Defendant, a CLRA notice letter.  If Defendant does not rectify these
12  issues within the time period provided by the CLRA, Plaintiff will amend this
13  Complaint to assert claims for additional relief.

14                              **COUNT III**
15              **Violations of the California False Advertising Law**
                **Cal. Bus. & Prof. Code §§ 17500, et seq.**
16                  **(On Behalf of the California Class)**

17      65.    Plaintiff hereby incorporates by reference the allegations contained in
18  paragraphs 1 to 44.

19      66.    Plaintiff brings this claim on behalf of himself and the California Class.

20      67.    Plaintiff asserts this claim for the unlawful inducement into an
21  obligation and purchase of a GNC Glucosamine Sulfate Product due to Defendant's
22  statements in advertising that are untrue and misleading, and of which Defendant
23  knew or should have known were untrue and misleading.  Defendant misbranded
24  GNC Glucosamine Sulfate Products by representing that they contain Glucosamine
25  Sulfate when they actually do not.  This representation is objectively false and
26  therefore likely to deceive members of the public.

27      68.    Plaintiff and the other members of the California Class have been and
28

CLASS ACTION COMPLAINT

1  continue to be injured as a direct and proximate result of Defendant's violations of
2  the FAL.

3      69.    Plaintiff is entitled to pursue a claim against Defendant on behalf of the
4  California Class pursuant to Cal. Bus. Prof. Code § 17535 for restitution and
5  equitable relief to remedy Defendant's unlawful and unfair practices, and to move
6  under Cal. Code Civ. Proc. § 1021.5 for costs and attorneys' fees.

7      70.    Plaintiff also seeks punitive damages under Cal. Civ. Code § 3294
8  because Defendant is guilty of fraud and malice by intentionally misbranding GNC
9  Glucosamine Sulfate Products and by intending to cause injury to Plaintiff and the
10  California Class.

11                    **COUNT IV**
12            **Breach of Contract**
        **(On Behalf of the Nationwide Class,**
13      **and in the alternative, the California Class)**

14      71.    Plaintiff hereby incorporates by reference the allegations contained in
15  paragraphs 1 to 44.

16      72.    Plaintiff and members of the Nationwide and California Classes had a
17  valid contract, supported by sufficient consideration, pursuant to which Defendant
18  was obligated to provide GNC Glucosamine Sulfate Products that, in fact, contained
19  Glucosamine Sulfate, as represented by Defendant.

20      73.    Defendant materially breached its contract with Plaintiff and members
21  of the Classes by providing GNC Glucosamine Sulfate Products that did not contain
22  Glucosamine Sulfate.

23      74.    As a result of Defendant's breach, Plaintiff and members of the Classes
24  were damaged in that they did not receive the product for which they paid, but
25  instead received a product with less value than the amount paid.

26      75.    Moreover, Plaintiff and members of the Classes have suffered and
27  continue to suffer economic losses and other general and specific damages,

28

CLASS ACTION COMPLAINT

1  including but not limited to the amounts paid for the GNC Glucosamine Sulfate
2  Products, and any interest that would have accrued on those monies, all in an amount
3  to be proven at trial.

**COUNT V**
**Unjust Enrichment and/or Restitution**
**(On Behalf of the Nationwide Class,**
**and in the alternative, the California Class)**

76.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 to 44.

77.    Plaintiff brings this claim individually and on behalf of the members of the Nationwide Class and, in the alternative, the California Class against Defendant.

78.    Plaintiff alleges that contrary to their labeling, GNC Glucosamine Sulfate Products do not contain Glucosamine Sulfate.

79.    By means of Defendant's wrongful conduct alleged herein, Defendant knowingly sold dietary supplements that were mislabeled in a manner that was unfair, unconscionable, and oppressive.

80.    Defendant knowingly received and retained wrongful benefits and funds from Plaintiff and members of the Classes. Therefore, Defendant acted with conscious disregard for the rights of Plaintiff and members of the Classes.

81.    As a result of Defendant's wrongful conduct as alleged herein, Defendant has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and members of the Classes.

82.    Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

83.    Under the common law doctrine of unjust enrichment, it is inequitable for Defendant to be permitted to retain the benefits it received, and is still receiving, without justification, from the imposition of fees and rates on Plaintiff and members of the Classes in an unfair, unconscionable, and oppressive manner. Defendant's

retention of such funds, under circumstances making it inequitable to do so, constitutes unjust enrichment.

84.    The financial benefits derived by Defendant rightfully belong to Plaintiff and members of the Classes.  Defendant should be compelled to disgorge in a common fund for the benefit of Plaintiff and members of the Classes all wrongful or inequitable proceeds received by them.

85.    A constructive trust should be imposed upon all wrongful or inequitable proceeds received by Defendant traceable to Plaintiff and members of the Classes.

86.    Plaintiff and members of the Classes have no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests that the Court award the following relief:

     a.   Certify this action as a class action pursuant to Federal Rule of Civil Procedure 23, appoint Plaintiff as representative of the Classes, and designate the undersigned as Class counsel;

     b.   Award Plaintiff and the Class monetary damages;

     c.   Award Plaintiff and the Classes equitable, declaratory, and/or injunctive relief, as requested herein;

     d.   Award Plaintiff and the Classes restitution and/or disgorgement;

     e.   Award Plaintiff and the Classes punitive damages;

     f.   Grant Plaintiff and the Classes payment of the costs of prosecuting this action, including expert fees and expenses;

     g.   Grant Plaintiff and the Classes payment of reasonable attorneys' fees;

     h.   Grant such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff and the Classes demand a trial by jury on all issues so triable.

CLASS ACTION COMPLAINT

1   DATED:  April 16, 2020           Respectfully submitted,

2

3                                     By: */s/ Jonathan M. Rotter*

Jonathan M. Rotter (SBN 234137)

4                                     Danielle L. Manning (SBN 313272)

5                                     **GLANCY PRONGAY & MURRAY LLP**

1925 Century Park East, Suite 2100

6                                     Los Angeles, California 90067

7                                     Telephone: (310) 201-9150

Facsimile: (310) 201-9160

8                                     Email: jrotter@glancylaw.com

9                                     Email: dmanning@glancylaw.com

10                                   OF COUNSEL:

11                                   Carl L. Stine

12                                   Matthew Insley-Pruitt

Antoinette A. Adesanya

13                                   **WOLF POPPER LLP**

14                                   845 Third Avenue

New York, NY  10022

15                                   Telephone: (212) 759-4600

Facsimile: (212) 486-2093

16                                   Email: cstine@wolfpopper.com

17                                   Email: minsley-pruitt@wolfpopper.com

Email: aadesanya@wolfpopper.com

18

19                                   *Attorneys for Plaintiff and the Proposed Class*

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT